Matter of Mavroudis (2024 NY Slip Op 01663)

Matter of Mavroudis

2024 NY Slip Op 01663

Decided on March 22, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND GREENWOOD, JJ. (Filed Mar. 22, 2024.) 

&em;

[*1]MATTER OF JOHN MICHAEL MAVROUDIS, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 20, 1973, and he formerly maintained an office in Hackensack, New Jersey. In November 2023, the Grievance Committee filed proof that, by order dated June 5, 2023, the Supreme Court of New Jersey suspended respondent from the practice of law for a period of one year, effective July 3, 2023, upon a finding that he had violated various provisions of the New Jersey Rules of Professional Conduct, including rule 3.3 (a) (1) (making a false statement of material fact to a tribunal), rule 3.4 (c) (knowingly disobeying an obligation under the rules of a tribunal), rule 8.1 (a) (making a false statement of material fact in a disciplinary matter), and rule 8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (see Matter of Mavroudis , 254 NJ 124, 124 [2023]). The submission of the Grievance Committee indicates that the New Jersey suspension was imposed based on a report and recommendation of the New Jersey Disciplinary Review Board (Review Board) following a hearing before a special ethics master. The Review Board found that respondent engaged in an extended course of misconduct to frustrate the rights of a judgment creditor in a judgment enforcement proceeding wherein respondent was a codefendant.
Upon receipt of the submission of the Grievance Committee, this Court entered an order on December 18, 2023, directing respondent to appear and show cause why reciprocal discipline should not be imposed, pursuant to 22 NYCRR 1240.13, based on the conduct underlying the New Jersey order of suspension. Respondent thereafter filed materials in mitigation and appeared before this Court to be heard in response to the show cause order.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]). In this matter, we conclude that respondent has failed to establish any factor that would preclude the imposition of reciprocal discipline pursuant to 22 NYCRR 1240.13 (c).
With respect to an appropriate sanction, we have considered certain aggravating factors set forth in the report of the Review Board, including the serious and extended nature of the misconduct and respondent's lack of remorse for the misconduct. We have also considered the matters in mitigation cited by the Review Board and presented to this Court by respondent, including that respondent did not have a disciplinary record prior to the suspension imposed in New Jersey, that the misconduct giving rise to the suspension occurred approximately 10 years ago, and that respondent has a lengthy history of volunteer and community service. Accordingly, we conclude that respondent should be suspended from the practice of law in New York for a period of one year, effective July 3, 2023, and until further order of the Court.